UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KERRY KOTLER,

                        Plaintiff,
                                                            9:17-CV-0394
v.                                                          (GTS/DEP)

MAUREEN BOSCO, Exec. Dir., CNYPC; JEFFERY
NOWICKI, Chief of Mental Health Treatment Servs.,
CNYPC; EMILY GRAY, Primary Therapist, CNYPC;
MARK CEBULA, Treatment Team Leader, CNYPC;
SAUNDERS, Treatment Team Leader, CNYPC; DR.
TERRI MAXYMILLIAN, Dir. of Treatment Servs.,
CNYPC; MARIE ANN SULLIVAN, Comm'r,
NYSOMH; and CHRISTOPHER KUNKLE, Dir.,
NYSOMH,

                        Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

KERRY KOTLER
   Plaintiff, *Pro Se*
936 Walker Avenue
Bellport, New York 11713

HON. BARBARA UNDERWOOD                           KATIE E. VALDER, ESQ.
Attorney General for the State of New York       Assistant Attorney General
   Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

        Currently before the Court, in this *pro se* civil rights action filed by Kerry Kotler

("Plaintiff") against the above-captioned employees of the Central New York Psychiatric Center

and New York State Office of Mental Health ("Defendants"), are the following: (1) Defendants'

motion to dismiss Plaintiff's Second Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); and (2) United States Magistrate Judge David E. Peebles' Report-Recommendation recommending that Defendants' motion be granted with respect to Plaintiff's retaliation claim against Defendants Sullivan and Saunders for lack of personal involvement, and that Defendants' motion be granted with respect to any damage claims against the remaining Defendants in their official capacities, but that Defendants' motion be denied with respect to Plaintiff's retaliation claims against the remaining Defendants. (Dkt. Nos. 28, 32.) The Parties have not filed objections to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Peebles' thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation.[1] Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein; Defendants' motion is granted with respect to Plaintiff's retaliation claim against Defendants Sullivan and Saunders; Defendants' motion is granted with respect to any damage claims against the remaining Defendants in their official capacities; and Defendants' motion is denied with respect to Plaintiff's retaliation claims against the remaining Defendants.

---

[1]     When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 32) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 28) is **GRANTED** with respect to the following claims: (1) Plaintiff's retaliation claim against Defendants Sullivan and Saunders, who are **DISMISSED** from this action; and (2) Plaintiff's damage claims against the remaining Defendants in their official capacities, which damages claims are also **DISMISSED**; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 28) is **DENIED** with respect to Plaintiff's retaliation claims against Defendants Bosco, Nowicki, Gray, Cebula, Maxymillian, and Kunkle, which retaliation claims **SURVIVE** Defendants' motion to dismiss; and it is further

**ORDERED** that this case is referred back to Magistrate Judge Peebles for the setting of pretrial scheduling deadlines.

Dated: August 7, 2018
      Syracuse, New York

HON. GLENN T. SUDDABY
Chief United States District Judge