UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KERRY KOTLER,

                          Plaintiff,

                                                        9:17-CV-0394
v.                                                      (GTS/ML)

MAUREEN BOSCO, Exec. Dir., CNYPC; JEFFERY
NOWICKI, Chief of Mental Health Treatment Servs.,
CNYPC; EMILY GRAY, Primary Therapist, CNYPC;
MARK CEBULA, Treatment Team Leader, CNYPC;
DR. TERRI MAXYMILLIAN, Dir. of Treatment Servs.,
CNYPC; and CHRISTOPHER KUNKLE, Dir.,
NYSOMH,

                          Defendants.
_____

APPEARANCES:                              OF COUNSEL:

KERRY KOTLER
    Plaintiff, *Pro Se*
CNY PC
P.O. Box 300
Marcy, New York 13403

HON. LETITIA A. JAMES                     CHRISTOPHER J. HUMMEL, ESQ.
Attorney General for the State of New York   Assistant Attorney General
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

        Currently before the Court, in this *pro se* prisoner civil rights action filed by Kerry Kotler

("Plaintiff") against the six above-captioned employees of the Central New York Psychiatric

Center ("CNYPC") and New York State Office of Mental Health ("NYSOMH") ("Defendants"),

are (1) United States Magistrate Judge Miroslav Lovric's Report-Recommendation

recommending that Defendants' motion for summary judgment be granted in part and denied in part, (2) Defendants' Objections to the Report-Recommendation, (3) Plaintiff's Objections to the Report-Recommendation, and (4) Plaintiff's response to Defendants' Objections.   (Dkt. Nos. 71, 79, 80, 82, 83.)   For the reasons set forth below, the parties' Objections are rejected, the Report-Recommendation is adopted in its entirety, and Defendants' motion for summary judgment is granted in part and denied in part.

## I.   STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.   Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).   To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."   N.D.N.Y. L.R. 72.1©).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).   However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]   Similarly, a district court will ordinarily refuse to consider argument that could have

---

[1]      *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]      *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the

been, but was not, presented to the magistrate judge in the first instance.   *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.   Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).   Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error*

---

magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

review.[3]   Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.   Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.   When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."   *Id*.[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."   28 U.S.C. § 636(b)(1)(C).

## II.   ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Lovric's thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which the parties have specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Lovric employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.   (Dkt. No. 79.)   As a result, the Report-Recommendation is accepted and adopted in its entirety for the

---

[3]      *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]      *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

4

reasons stated therein.   (Id.)   To those reasons, the Court adds only the following two points.

First, the Court must reject Defendants' argument in their Objections that, based on the current record, the suspension of prepaid telephone privileges for 27 days is insufficient to support a First Amendment retaliation claim.   Defendants' effort to analogize cases finding that a three-day such suspension is de minimis is unsuccessful.   Moreover, the fact that Plaintiff could at all times still request phone slips "via his primary therapist" (Dkt. No. 72, Attach. 2, at 5 [Ex. A to Cebula Decl.]), and maintain written correspondence and receive visitors, must be balanced against the duration of the suspension of the prepaid phone privileges, which here was relatively extensive (as compared to the suspensions of phone privileges in the reported cases discussed by Defendants).   Finally, the precise extent to which Plaintiff made fewer calls during the period of suspension, and to which his Article 10 trial was delayed, is not the basic question, which is whether *an inmate of ordinary firmness* would have been deterred from engaging in protected activity. *See, e.g., Gill v. Pidlypchak*, 389 F.3d 379, 380-81 (2d Cir. 1994) ("The basic question we face here is whether the defendants' action was meaningfully 'adverse' although it did not   ultimately dissuade the plaintiff from exercising his rights under the First Amendment."), *accord, Ford v. Palmer*, 539 F. App'x 5, 7 (2d Cir. 2013).

Second, Defendants are not entirely accurate when they argue in their Objections that "Plaintiff reported to Defendants that he had stated an intent to 'blow up' the facility" (suggesting that, when he spoke to Defendants, he intended in the future to literally blow up a structure, or incite other residents to act violently against staff).   (Dkt. No. 80, at 5 [page "3" of Defs.' Obj].)   Rather, it is undisputed that "Plaintiff stated [to the Treatment Team] that he [had] contacted the ['Talk of the Town'] program [in order] to 'blow up' the [CNYPC-Sex Offender

Treatment Program]" (suggesting that figuratively "blowing up" the Sex Offender Treatment Program had been the *purpose* of the call, which was achieved upon the making of the call). (Dkt. No. 79, at 7, Statement of Fact No. 13; see also Dkt. No. 72, Attach. 1, at ¶ 7 [Gray Decl.]; Dkt. No. 72, Attach. 1, at ¶ 7 [Cebula Decl.].)   Whether Plaintiff's statement to the Treatment Team (or even his statements on the radio program) could reasonably be interpreted as inciting violence is a genuine dispute of material fact for a jury (especially due to the uncertainty of whether any other residents had overheard Plaintiff make the statement to the Treatment Team "in the sideroom," or had even heard him on the radio program as two staff members had on their way to work).   (Dkt. No. 72, Attach. 2, at 5 [Ex. A to Cebula Decl.]; Dkt. No. 71, Attach. 2, at 46, 73 [pages "43" and "70" of Plf.'s Depo. Tr.].)

For all of these reasons, the Report-Recommendation is adopted in its entirety, and Defendants' motion for summary judgment is granted in part and denied in part.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 79) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 71) is **GRANTED** with regard to all claims against Defendants Bosco and Kunkle, which are **DISMISSED** from this action; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 71) is **DENIED** with regard to Plaintiff's First Amendment retaliation claims against Defendants Gray, Maxymillian, Cebula and Nowick, which **SURVIVE** Defendants' motion; and it is further

**ORDERED** that all pretrial deadlines having expired, this case is deemed trial ready.

The Court directs that Pro Bono Counsel be appointed for the Plaintiff for purposes of trial only;

any appeal shall remain the responsibility of the plaintiff alone unless a motion for appointment

of counsel for an appeal is granted.

Dated: October 19, 2020
      Syracuse, New York

                                          Glenn T. Suddaby
                                          Chief U.S. District Judge